No. 9952.

OLSON-HALL $v$. THE INDUSTRIAL COMMISSION OF COLORADO,
ET AL.

Decided January 10, 1921. Rehearing denied February 7, 1921.

Proceeding under the workmen's compensation act. Cause remanded with directions.

*Remanded.*

1. WORKMEN'S COMPENSATION—*Jurisdiction of Supreme Court.* ·Under the Workmen's Compensation act, the appellate court can review questions of law only. It cannot review or determine the facts.

2. INDUSTRIAL COMMISSION—*Findings of Fact.* In a proceeding under the workmen's compensation act, it is the duty of the industrial commission to make sufficient specific findings of fact, and where it fails to do so, a cause which has been brought to the supreme court for review will be remanded for further findings.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. W. H. GABBERT, Mr. D. B. GRAHAM, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, Messrs. DANA, BLOUNT & SILVERSTEIN, for defendants in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS cause is here on writ of error to review a judgment of the District Court confirming the findings and award of the Industrial Commission in the matter of a claim for compensation under the Workmen's Compensation Act.

The findings of the commission are, aside from formal matters, as follows:

"That the burden of proof is upon the claimant. That the claimant has not established her claim as required by law. That she has not shown that the said John Olson was injured by an accident at the date and place mentioned in her claim, or that his death, which occurred October 12th, A. D. 1918, was the proximate result of said accident. That, therefore, the claim of the said Augusta Olson for compensation herein should be denied."

The findings of fact in this case are insufficient as such are required to be found by the commission under the provisions of the Workmen's Compensation Act. Under that act this court can review questions of law only and we

cannot review or determine the facts. Hence the necessity of the commission's making specific findings of fact before the cause is properly reviewable on questions of law in this court. We therefore remand this cause to the district court with directions to require the commission to make more specific findings of fact. Reference is hereby made to the opinion in the case of *Billick v. Industrial Commission,* (No. 9727) 195 Pac. 114.