No. 10,269.

OLSON-HALL *v.* INDUSTRIAL COMMISSION, ET AL.

Decided March 6, 1922. Rehearing denied April 3, 1922.

Proceeding under the workmen's compensation act. Claim for compensation denied.

*Affirmed.*

1. WORKMEN'S COMPENSATION—*Burden of Proof.* The burden of proof is upon the party asserting the claim, and he must show that the injury or death was the proximate result of an accident arising out of and in the course of employment.

2. *Industrial Commission—Fact Findings.* Fact findings of the industrial commission based upon conflicting testimony are conclusive on review.

3. |*Evidence—Hearsay.* The rule against hearsay evidence is vitally substantial, and may not properly be disregarded in proceedings under the workmen's compensation act.

4. *Evidence—Statements of Deceased Employe.* Statements of a deceased employe as to his bodily or mental feelings are admissible in evidence; but those as to the cause of his illness, if not within the *res gestae* rule, are not admissible.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. DAVID B. GRAHAM, Mr. WILLIAM H. GABBERT, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, Messrs. DANA, BLOUNT & SILVERSTEIN, for defendants in error.

*En banc.*

MR. JUSTICE BAILEY delivered the opinion of the court.

THIS cause is here a second time. Upon the former review it was remanded to the commission for fuller and

more specific findings.  At the first hearing recovery by claimant was denied.  Upon further findings compensation was again denied.  The first award was reviewed by the district court and affirmed.  After further findings by the commission, the cause was again taken to the district court and the action of the commission in denying compensation was there again upheld.  It is to review that judgment that claimant now brings the cause here.

The essential facts are that claimant's decedent, John Olson, died at a hospital on October 12, 1918.  The record shows that he claimed to have fallen from a ladder while at his work for the Theatre Company on June 9, 1918.  His widow and beneficiary claimed that the accident occurred on June 15, 1918, but for the purposes of this decision the discrepancy in date is not important.

There is no direct proof of the accident.  The claimant supports her case wholly with certain reports, and alleged conversations said to have taken place with Olson at various times subsequent to the supposed accident, at his home and at the hospital where he died.  There is not a scrap of competent testimony to show that there ever was an accidental injury at all.

It is elementary in compensation cases, as in other actions, that the burden of proof is upon the party asserting the claim.  It was the duty of claimant to show that the death of her husband was the proximate result of an accident arising out of and in the course of his employment.  The alleged fall from the ladder took place either on June 9, or June 15, 1918.  The decedent was then upwards of sixty years of age.  For approximately four months after the accident he was under the care of at least three physicians, who apparently discovered no evidence whatever of his having met with an accident.  Each of them treated him for an organic disease.  After his death an autopsy was held, which disclosed at least one serious chronic ailment, that another was developing, and that none of these conditions, in the opinion of physicians, was likely to have resulted from a fall, either recent or remote.  On the con-

trary, the medical testimony was practically unanimous that decedent died from pericarditis and hypostatic pneumonia.

There is some testimony which tends to show that there was a possibility of the pericarditis having resulted from an external injury. The only effect of this testimony, however, is to furnish a conflict, and the findings of the commission, on conflicting testimony, is conclusive upon the courts. The rule as to fact findings is laid down in *Passini v. Industrial Commission*, 64 Colo. 349, 171 Pac. 369, as follows:

"This court may consider only the legal question of whether there is evidence to support the findings, and not whether the Commission has misconstrued its probative effect. The award is conclusive upon all matters of fact properly in dispute before the Commission, where supported by evidence, or reasonable inference to be drawn therefrom."

See also *Prouse v. Industrial Commission*, 69 Colo. 382, 194 Pac. 625; *Industrial Commission v. Johnson*, 66 Colo. 292, 181 Pac. 977; *Globe Co. v. Industrial Commission*, 67 Colo. 526, 186 Pac. 522; *Industrial Commission v. London, etc., Co.*, 66 Colo. 575, 185 Pac. 344.

Error is assigned upon the refusal to admit in evidence an wholly unidentified written statement of the employer respecting a claim of Olson as to the accident; and also because of the exclusion of dependent's notice of the accident and claim for compensation; also to the exclusion of statements made by the deceased at various times long subsequent to the alleged accident. These offers were properly excluded. It is true that the workmen's compensation statutes of most of the states provide that industrial commissions shall reach their conclusions without regard to technical rules of evidence. It is manifest, however, that the rule against hearsay is not technical, but vitally substantial, and may not properly be disregarded under such statutory provisions without grave danger of collusion, imposition and injustice. If a claimant be permitted to make

out a case upon the essential facts of accidental injury upon hearsay testimony alone there is no limit to the frauds and wrongs that may be encouraged and made possible.

In *Reck v. Whittlesberger*, 181 Mich. 463, 148 N. W. 247, Ann. Cas. 1916C, 771, the court in speaking to this question said, at page 469:

"Coming directly to this line of testimony as applied to workmen's compensation cases, it is said in Boyd on Workmen's Compensation, p. 1123:

"'The statements made by an injured man as to his bodily or mental feelings are admissible, but those made as to the cause of his illness are not to be received in evidence. The rule applies to statements made by a deceased workman to a fellow workman as to the cause of his injury.'

"And more fully in Bradbury on Workmen's Compensation, p. 403 (800), as follows:

"'The statement made by an employe in the absence of his employer, by a deceased man as to his bodily or mental feelings, are admissible in evidence, but those made as to the cause of his illness are not admissible in evidence and where there is no other evidence of an accident arising out of and in the course of the employment than statements made by a deceased employe in the absence of his employer, an award cannot be sustained.'"

The following English and American cases announce and support this rule: *Gilby v. Great Western Ry.*, 3 Butterworth's W. C. C. 135; *Smith v. Hardman, Ltd.*, 6 Butterworth's W. C. C. 719; *McCauley v. Imp. Woolen Co.*, 261 Pa. 312, 104 Atl. 617; *Belcher v. Carthage Machine Co.*, 224 N. Y. 326, 120 N. E. 735; *Englebretson v. Industrial Com.*, 170 Cal. 793, 151 Pac. 421; *Employers Assur. Corp. v. Industrial Commission*, 170 Cal. 800, 151 Pac. 423. In any event the so-called evidence upon the question of whether the accident actually occurred and its effect upon the physical condition of the decedent, which was rejected, was cumulative merely and could not alter the conclusion reached.

Also we fail to see how the fact that the accident oc-

curred on June 9th rather than on June 15th, could in any way affect the result of the proceeding. Neither is it apparent how informal statements of the deceased, made long after the alleged accident, and therefore manifestly not within the *res gestae* rule, should be considered as having weight, even if admitted, as against the direct, positive and satisfying testimony of the attending physicians who performed, and others who assisted at, the autopsy.

We have examined with the most painstaking care, the whole record, and it is apparent that if all matters tendered in evidence by claimant and refused had been admitted, the sole and only effect thereof would have been simply to have made the conflict a trifle more pronounced. There still would have been an utter failure, as matter of law, to make out a case that would have justified an award in her favor. As to the alleged accidental injury all evidence offered was hearsay, and compensation may not be lawfully awarded upon that class of testimony alone.

There was ample competent evidence to support the findings of the Commission. Under such circumstances, bearing carefully in mind the settled rule that the fact findings of the commission, based upon conflicting testimony, are conclusive on review, the judgment is affirmed.