No. 10,824.

ZOOK v. INDUSTRIAL COMMISSION, ET AL.

Decided February 4, 1924.   Rehearing Denied March 3, 1924.

Proceeding under the workmen's compensation act. Claim for compensation denied.

*Affirmed.*

1.  WORKMEN'S COMPENSATION—*Review—Setting Aside Award.* An award of the industrial commission may be set aside by the courts only where the commission has acted, without or in excess of its powers, where the finding or award is procured by fraud, or the findings of fact do not support the award.

2.  *Review—Rulings on Evidence and Procedure.* In reviewing proceedings of the industrial commission, courts are forbidden from passing on rulings of the commission concerning evidence and procedure.

3.  *Award Upheld.* On review of the record in a workmen's compensation case, the award of the commission denying compensation, is upheld.

4.  *Review—Fraud.* Where a claimant by complaint in the district court asks to have an award set aside because procured by fraud, he will be entitled to no relief in the absence of proof sustaining his allegations.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. JOHN T. BOTTOM, Mr. PAUL F. IREY, for plaintiff in error.

Mr. R. W. FLEMING, Attorney General, Mr. J. P. O'CONNELL, Assistant, Mr. W. E. HUTTON, Mr. B. B. McCAY, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a review, at the instance of an unsuccessful claimant, of a judgment of the district court which approved an award of the Industrial Commission, made under the Workmen's Compensation Act, denying compensation. This Act expressly declares, and this Court has repeatedly held, that such an award may be set aside by the courts only when the Commission acts without, or in excess of, its powers, where the finding or award is procured by fraud, or its findings of fact do not support the same. Claimant's assignments of error reveal a misapprehension or misstatement of the established practice in this jurisdiction limiting the courts in reviewing awards of the Commission. We are asked, as was the district court, to proceed as in ordinary civil cases and pass upon the referee's rulings at the hearing, such as objections to the admission of testimony, the weight of evidence, credibility of witnesses and mere irregularities in procedure. Courts are forbidden by the statute to do so.

From the record before us it appears that the alleged accident to decedent occurred, if at all, on April 11, 1923, followed by his death on April 18. The hearing upon claimant's report of the accident and request for compensation was had the 6th of June. The claimant appeared in person, without an attorney, the indemnitor by counsel. The testimony is brief. Claimant and three witnesses, fellow workmen of decedent, whom she named in her application as witnesses to the injury, all testified. None of them knew or had heard of any accident happening to the decedent at the time alleged, or about that time, and there was no evidence whatever of an accident. On the other hand, the testimony of a physician was that the decedent's death was due to an organic disease of the heart. Upon this evidence the Commission found that there was no accident, and that decedent's death was not caused by any accident, but was due to disease of the heart and, upon such finding denied compensation. As there was not a particle of evidence that an injury had occurred, and the burden of showing it being upon the claimant, the Com-

mission could not rightfully have made any other award. On the contrary, its findings of fact support the award.

When the claimant received notice of the award she stated to the referee, or to the Commission, that she had misunderstood a question propounded to her at the hearing, to which she replied that she did not know of any accident that happened to the decedent. Thereupon the referee prepared for her a petition for a rehearing, which she filed. She then employed counsel who filed affidavits, including that of the claimant herself, in support of the rehearing. The rehearing was granted by the Commission. On July 9 the Commission, after reciting that after considering the record in the case before it and the evidence taken at the original hearing, reaffirmed the award. There is nothing in the record now before us that discloses whether the claimant was, or was not, present at the rehearing, or whether she did, or did not, offer any new or additional evidence, or make any demand or request to furnish additional evidence which, in her affidavit for the rehearing, she said she would be able to produce showing that the decedent had been accidentally injured. The rehearing was granted by the Commission to give her that opportunity. Under the statutory provision additional testimony could have been produced. There is nothing to show that the claimant was prevented from testifying or supplementing the evidence which she said was available. There being nothing of record to the contrary, we must presume that the rehearing was such as the statute contemplates, that full opportunity was given to the claimant to produce such evidence, which she refused to produce, or that she introduced evidence which the Commission found to be of no probative effect. In any event, the evidence before the Commission does not tend in the slightest degree to impeach the regularity of the rehearing or the correctness of the final award.

In the claimant's complaint in the district court, whose object was to have this award set aside, the foregoing facts are recited, and the additional charge that the award was

procured by the fraud of the defendants. Such charges were denied. The record of the court does not show that any testimony was taken. In the absence of proof, the claimant was entitled to no relief there. If testimony was taken it is not in the record before us. We might rightly presume that the evidence, if any was produced, would not sustain the allegations of the complaint. The district court could not properly have done otherwise than dismiss the complaint and affirm the award, which it did. Its judgment, therefore, is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.