## No. 11,426.

ARMOUR AND COMPANY, ET AL. *v*. INDUSTRIAL COMMISSION, ET AL.

Decided January 25, 1926.  Rehearing denied February 15, 1926.

Proceeding under the workmen's compensation act. Judgment for claimant.

### *Affirmed.*

1.  WORKMEN'S COMPENSATION—*Review—Evidence.*  Courts cannot review a case upon the evidence in a workmen's compensation proceeding.  If there is no competent evidence, an award may be reversed on that ground, although it may not be reversd for the admission of incompetent evidence.

2.  *Accidental Injury—Evidence.*  In a workmen's compensation case, testimony of a physician, that "from the acute symptoms he (the employe) certainly had received a recent injury, held competent and sufficient to support a finding of accidental injury.

3.  *Accident—Course of Employment—Evidence.*  Evidence in a workmen's compensation case reviewed and held, that the death of an employe was occasioned by a necessary operation and con-

ditions caused by an accidental injury occurring in the course of his employment.

4.  EVIDENCE—*Hearsay.* Evidence of statements of a deceased employe that, "I got a dirty fall," and "I went to turn the ice machine off center and the lever slipped," made at the place of the fall and in the presence of its cause, viz., a fly wheel still on dead center, held to be within exceptions to the hearsay rule.

*Error to the District Court of the City and County of Denver, Hon. James C. Starkweather, Judge.*

Messrs. MORRISSEY, MAHONEY & SCOFIELD, Messrs. YEAMAN, GOVE & HUFFMAN, for plaintiffs in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OTTO FRIEDRICHS, Assistant, Mr. JOEL E. STONE, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Industrial Commission awarded Josephine Bengtson compensation for the death of her husband, Henning Bengtson. The district court affirmed the award and the case comes here on error. It is claimed by plaintiffs in error that there is no competent evidence to support the award, because the evidence that there was an accident is all hearsay, and that there is no evidence that the death was caused by the alleged accident. This is the sole question in the case. We think the judgment was right.

We cannot review the case upon the evidence. C. L. § 4477, and § 4482; *Prouse v. Ind. Com.,* 69 Colo. 382, 194 Pac. 625; *Olson-Hall v. Ind. Com.,* 69 Colo. 518, 194 Pac. 212. But if there is no competent evidence we may reverse on that ground; (*Passini v. Ind. Com.,* 64 Colo. 349, 171 Pac. 369), though we cannot reverse for the admission of incompetent evidence (C. L. § 4477).

The plaintiffs in error say that the evidence of an acci-

dent was all hearsay. It is true that most of it was so, and, if all, the award cannot stand. We think there was other evidence.

The alleged accident was a fall on September 10, 1923, which injured the hip. On September 13th, the decedent consulted one Dr. Maul, who testified: "From the acute symptoms he certainly had received a recent injury." This is evidence competent and sufficient to support the finding that there was an accidental injury.

But it is said that there was no proof that he died of this injury. That is a mistake. He was treated by Dr. Maul for some weeks and had several X-ray examinations. Finally, February 17, 1924, he went to a hospital and on the 18th underwent an operation which disclosed a severe abscess with complications. He was taken home on March 30th in an improving condition, but died April 24th. Dr. Maul was in doubt as to the exact cause of his death, but seems to have been of the opinion that it was embolism of the lung or brain caused by an injury. Apart from his opinion, however, it is certain that the man died after an operation and severe conditions that may well have caused death, and there is no other cause shown. We must say then that there is evidence to show that he died of such operation and conditions, and there is the evidence noted above that these conditions were caused by an accidental injury.

Was there proof that the accident happened in the course of the decedent's employment? All the evidence detailed above may be true, and yet the accidental injury may have taken place anywhere. The evidence that it happened in his employment is: (1) That he was night engineer of Armour & Company,—undisputed; (2) that he told Dr. Maul that he was hurt by a fall while at work on the engine,—hearsay; (3) that he told his family the same,— hearsay; (4) that about January 25, 1924, he told his employer the same,—hearsay; (5) that on September 10, 1923, one Anderson, night watchman for Armour & Company, went into their engine-room and found Bengtson

sitting on a stool, and he said to Anderson: "I got a dirty fall." The witness further testified: "I says, 'Are you going to start up your machine?' He says, 'Yes.' He got up   *   *   *   and walked over there and put the lever in the fly-wheel and I helped him pull down on the lever and he turned the steam on and started and went about his business the same as he always did."

Elsewhere Anderson testifies: "He told me   *   *   * that he got a dirty fall and I says, 'What is the matter now, can't you stand up any more?' and 'yes,' he says, 'But I went to turn the ice machine off of center and the lever slipped.' "

The witness also says that he does not know how long after the fall he saw Bengtson, but he usually went through the engine room once in 15 minutes to an hour and a half.

Is this hearsay? If we consider merely what Anderson saw, we have only that he found Bengtson seated as usual, in his usual place; helped him start his engine, which was on dead center, and then Bengtson went about his usual duties. This proves nothing. The question then is this: Is Bengtson's part in the conversation hearsay? There can be no doubt that it is, and self-serving at that. Is it then within any exception to the hearsay rule? None, unless res gestae, i. e., a verbal act accompanying the thing in question. Was it that? What was the res gestae? The accident and the injury. The words did not accompany them but were spoken of them, a narrative of a past event. Bengtson said nothing about pain or suffering nor anything of his feelings. Were the words near enough to the accident to justify the conclusion that they constituted verbal acts? There is no rule for exact measurement here. *Insurance Co. v. Mosley,* 8 Wall. (U. S.) 397, 19 L. Ed. 437; Wigmore Ev. § 1747. We know that the statement that he had fallen was not long after the fall (the engine was still on dead center) as was the fact in the case last cited. In this respect the cases are almost identical. There is no more a narrative of a past event here than there, and while that case has

perhaps a reason for the admission of the statement not in the present case, viz: that the decedent showed and expressed present pain and suffering, yet this case has what that lacks, viz: that the statement was made at the place of the fall and in the presence of its cause, the engine still on dead center. Upon the Mosley case then we hold that Bengston's declarations to Anderson were within the exceptions to the hearsay rule.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.