## No. 11,449.

### VAUGHN *v.* INDUSTRIAL COMMISSION, ET AL.

Decided March 29, 1926.   Rehearing denied April 26, 1926.

Proceeding under the workmen's compensation act. Compensation denied.

### *Affirmed.*

1. WORKMEN'S COMPENSATION—*Dependents.* Under the workmen's compensation act only dependents can receive compensation.

2. *Dependents—Wife.* Under the workmen's compensation act a wife is conclusively presumed to be dependent upon her husband unless· at the time of his death she is voluntarily living apart from him and independent.

3.      *Findings—Conclusive.*   Findings of the industrial commission supported by competent evidence are not subject to review.

4.      *Evidence—Hearsay.*   An award of the industrial commission cannot be reversed because of the admission of hearsay evidence.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. Louis P. Erny, Mr. Everett Bell, for plaintiff in error.

Mr. William L. Boatright, Attorney General, Mr. Jean S. Breitenstein, Assistant, Mr. W. E. Alexander,

Mr. Montgomery Dorsey, for defendants in error.

*Department Two.*

Mr. Justice Denison delivered the opinion of the court.

The industrial commission denied compensation to Ida May Vaughn for the death of her husband; the district court affirmed the commission and she brings the case here.

The finding of the commission was that at his death she was voluntarily living apart from him and not dependent on him for support, which, if true, precludes her claim. C. L. § 4426.

The rule is that only dependents can receive compensation. C. L. § 4428, S. L. 1923, p. 724, § 2; but a wife is conclusively presumed to be dependent unless at the time of death she is voluntarily living apart and independent. C. L. § 4426; *London, etc. Co. v. Industrial Com.,* 78 Colo. 478, 242 Pac. 680.

That Mrs. Vaughn was living apart and was independent of her husband at his death is conclusively shown by the evidence; that this was voluntary on her part is

found by the commission and we cannot review their finding if there was any evidence to support it. (*Armour & Co. v. Industrial Com.*, 78 Colo. 569, 243 Pac. 546), and, in the testimony of the witness Broad, if nowhere else, there was such evidence.

It is claimed that hearsay evidence was admitted but we cannot reverse an award of the Industrial Commission on that ground. C. L. § 4477; *Armour v. Industrial Com., supra.*

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.