No. 13,441.

PEER *v.* INDUSTRIAL COMMISSION ET AL.

(29 P. [2d] 636)

Decided February 5, 1934.

Mr. JAMES J. PATTERSON, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Messrs. ANDERSON, PAYNTER & EPPERSON, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

MRS. Elizabeth Peer filed a claim with the Industrial Commission against her employer, Peter Zurawski, one of the defendants in error, for compensation and medical benefits under the Workmen's Compensation Act. Her claim was denied, she appealed to the district court with

the result that the findings, judgment and award of the commission were approved and affirmed. She now assigns error.

The findings of fact made by the commission are as follows:

"The claimant was employed by the respondent employer as a cook and dish-washer. On the afternoon of October 28, 1932, claimant was scraping some kettles with a metal instrument shaped like a putty knife. That night she noticed a soreness in the palm of her right hand, and on November 2, 1932, she left work, the next day consulting a doctor. On November 6, 1932, she entered the hospital, suffering from osteomyelitis of the wrist bone, caused by infection of unknown origin. There was no cut or abrasion of the skin as a result of her use of the scraper on October 28, 1932. Operative treatment included the removal of several small bones of the wrist. Claimant testified that during the years of her employment by respondents, she had habitually used this particular scraper in cleaning pots and pans without any ill effect.

"The commission finds from the evidence that claimant did not sustain an accidental injury within the meaning of the Workmen's Compensation Act of Colorado; that her condition, if at all attributable to her employment, is in the nature of an occupational disease."

We remark upon the finding that the cause of claimant's sufferings was an infection and that its origin was unknown. This finding is justified by the evidence. Numerous witnesses testified, but none of them brought enlightenment on the cause of the accident, if in fact, it was an injury caused by an accident within the meaning of the act. Claimant's own testimony fails to dispel the darkness as to the source of her injury. She testified that she had been employed in Zurawski's restaurant for a period of about thirteen years and a half; that the metal scraper was one of the kitchen utensils which she had used every few days for a long time; that she first noticed

the swelling on October 28, 1932; that the scraper was of iron and it did not slip out of her hand, nor break the flesh; that nothing unusual happened on that day, nor was there any open wound, cuts or abrasion of the skin until the doctor cut into it.

Other witnesses testified that claimant, shortly prior to the alleged accident, had been out where they had been butchering a hog; it was also shown that the hog kicked her, and that she fell and got a sand bur in her hand. Another witness testified that at first claimant said she thought she had a sand bur in her hand, and that she did not then mention the kitchen scraper. Her attending physician did not locate the source of the trouble, and testified that an infection might come from a visible or invisible point of entry, and also that it might have its origin in other parts of the body. Another physician who attended claimant, speaking broadly, admitted that the injury could have been caused by a thousand different things.

An accident, under the Workmen's Compensation Act, must be traceable to a definite source. *Prouse v. Industrial Commission,* 69 Colo. 382, 386, 194 Pac. 625. The burden of proof is upon claimant to show that her injury was the proximate result of an accident arising out of and in the course of her employment (*Olson-Hall v. Industrial Commission,* 71 Colo. 228, 229, 205 Pac. 527), but the record may be searched in vain to discover that claimant was bruised or injured by the scraper or other kitchen utensil, or what the cause of the injury actually was. It does not appear that it was in anywise attributable to or connected with her employment.

Other questions are argued, but their determination is not necessary to our decision.

Judgment affirmed.

Mr. Justice Campbell and Mr. Justice Hilliard concur.