No. 15,244.

IN RE THE PEOPLE IN THE INTEREST OF BULLOCK ET AL.
BAILEY ET AL. *v.* BULLOCK.
(132 P. [2d] 783)

Decided December 14, 1942.

Mr. O. OTTO MOORE, for plaintiffs in error.

Mr. ISAAC MELLMAN, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS review involves an order of the juvenile court of Denver, having the legal effect of changing the custody of an eight year old boy from that of his maternal grandparents, plaintiffs in error, residents of Denver, to his father, defendant in error, now a resident of New Mexico.

Because of the view we take of the case, we deem it unnecessary to pass upon the merits, and shall consider only two questions: 1. Alleged error of the trial court in admitting in evidence a certain letter over the objection of counsel for the grandparents. 2. The alleged failure of the trial court to enter an order dispensing with the necessity of filing a motion for a new trial, which question was raised by counsel for defendant in error some time ago by motion to dismiss the writ of error, but upon which we reserved judgment until final disposition.

█ 1. The admission of the letter in evidence was improper because the content thereof was clearly hearsay. It was written by the senior Child Welfare Worker of the Department of Public Welfare of the state of New Mexico in response to a letter written by one of the officers of the Denver Juvenile court relating to the present economic, social and domestic status of the father. *Pierce v. Pierce,* 97 Colo. 228, 48 P. (2d) 1024.

█ With the letter eliminated, there was no evidence of "changed conditions" upon which the court could properly enter an order transferring custody to the father.

█ Counsel for defendant in error seems to be of the opinion that practice in the juvenile court does not require observance of the ordinary rules of evidence. The same opinion was entertained by a former distinguished judge of the juvenile court who appeared before

us as amicus curiae in the case of *Board of Control of State Home v. Mulertz,* 60 Colo. 468, 154 Pac. 742, and contended that "the matter of procedure cuts but little, if any, figure." We said then, and repeat here: "The relation of remedies to rights is fundamental and cannot be disregarded at will. Whosoever exercises power in a government of the people, for the people, and by the people, whether the power be executive, legislative or judicial, must do so in substantial compliance with the rules prescribed, or his action in the premises is unlawful." The constitutional provisions and statute relating to juvenile courts, in no way exempt or excuse contending parties from "substantial compliance with the rules prescribed."

2. Counsel for defendant in error further contends that the writ of error herein should be dismissed because the transcript of the record shows no motion for a new trial, or order of the court dispensing therewith. Ordinarily this would require a dismissal of the writ because of failure to comply with the requirements of rule 59 C (e) R.C.P. Colo.; however, in this case there is before us an affidavit—unchallenged—which recites, inter alia: "Said Christian D. Stoner [the trial judge] informed the attorney for plaintiffs in error, when inquiry was made concerning the time within which a motion for a new trial, if any, should be filed, that the court ordered a motion for a new trial dispensed with and directed the attorney for plaintiffs in error to file his reporter's transcript within sixty days' time if an appeal was to be taken from the court's order." Counsel for defendant in error does not deny this, but suggests the "simple remedy by [of] applying to the juvenile court for a correction of the record." Since such action would only serve to further delay the matter, we believe we are warranted, in the circumstances, in waiving the requirement of the rule. The motion for a dismissal of the writ of error is accordingly denied.

Judgment reversed and the cause remanded with instructions to grant a new trial.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE HILLIARD and MR. JUSTICE GOUDY concur.