No. 18,343.

LEE WILLIAMS, ET AL. *v.* NEW AMSTERDAM
CASUALTY COMPANY, ET AL.
(319 P. [2d] 1078)

Decided December 9, 1957.   Rehearing denied January 27, 1958.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

Messrs. BANNISTER, WELLER & FREIDRICH, Mr. WILLIAM H. HAZLITT, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

THIS action is here by writ of error, to review a judgment of the district court of the City and County of Denver reversing an award of the Industrial Commission in a proceeding which arose under the Workmen's Compensation Act of Colorado (C.R.S. 1953, 81-1-1, et seq.). Plaintiff in the trial court is the widow of a de-

460

ceased employee of Ormand R. West. She claims benefits under the Workmen's Compensation Law.

Although additional controversial questions were presented before the referee in the initial stages of the proceeding, only two issues were raised by the insurance carrier and the employer in their petition for review filed with the Commission, and by their complaint in the district court. These two issues form the basis upon which they rely for reversal of the judgment, namely:

(1) That the Commission's determination that claimant was the lawful widow of decedent was erroneous.

(2) That the referee's order of December 3, 1956, had become final by operation of law.

The latter point is based upon the following factual situation: On that day (December 3, 1956) the referee entered his order denying benefits to claimant on the ground that she was not the lawful wife of the deceased employee. Within fifteen days thereafter, December 17, 1956, counsel for claimant filed his "Application for Review of Claim before the Industrial Commission." December 16, 1956, the referee wrote a letter to counsel for claimant, which stated:

"This will acknowledge your application for review filed herein without proper detail, and upon which we are unable to act.

"The application will be considered as preventing the filing time from running against you, and you are hereby extended 30 days in which to secure a copy of the transcript of testimony and to present a petition which complies with the Rules of Procedure.

"Enclosed find copy of an amendment to the Rules of Procedure effective May 3, 1954, your attention being invited to sub paragraph (c)."

Claimant's attorney, upon his request, was granted time until February 18, 1957, to file the corrected application for review. In the interim a transcript of evidence was secured for the use of counsel in preparing the second application. The original application for review

which was filed in apt time stated as grounds therefor:

"1. That the Referee erred in his interpretation of the law concerning the validity of the marriage between Acie Lee Williams and Emmette Williams in that under the facts as stated by the Referee such marriage is a valid marriage according to the principles of law followed by the Supreme Court of the State of Colorado. (Attention is called to the brief filed by Claimant now in the hands of the Commission.)

"2. That the Referee erred in admitting a letter purported to be signed by Isaiah Hayes and such evidence is inadmissible and could not be considered by the Referee especially in light of the fact that Claimant had no opportunity to cross-examine Isaiah Hayes."

■ C.R.S. 1953, 81-14-6, provides, inter alia, that, "Every petition for review shall be in writing and shall specify in detail the particular errors and objections." We think the original application for review was sufficient to substantially comply with this statutory requirement. The fact that the referee ordered a more detailed statement and granted time within which counsel could prepare and file it, cannot work a default and result in a forfeiture of claimant's right to review. We consider this point no further.

Facts pertinent to the controlling questions, hereinafter stated, are as follows: Claimant had been married twice prior to the time she and the decedent entered into a marriage ceremony. The first marriage took place at Foreman, Arkansas. It resulted in a divorce in 1928. The second marriage was to one Isaiah Hayes and took place January 5, 1930, also at Foreman, Arkansas. Claimant lived with him for about seven years before separating. With reference to this marriage, testimony was introduced without objection that Hayes had secured a divorce in Texas and had remarried, although claimant received no papers in connection therewith. Claimant testified that she was planning to divorce Hayes and had consulted a lawyer for that purpose. She stated: "Well,

after he wrote the letter that he was married, well, I talked to my lawyer and he said he would see about it; and so when he did, well, when I went back again he told me that I could go ahead on the marriage if I was ready."

Over the objection of claimant's attorney a written statement, allegedly signed by Isaiah Hayes in Texas on February 2, 1956, was admitted in evidence. The body of the instrument, and the signature thereon, are obviously in different handwritings. The handwriting in the content of the statement is the same as that in the signature of the witness, one Dan Dillon. In this instrument it is said that Hayes married claimant in 1930; that he lived with her about seven years; that they separated and she went back to Arkansas; that about seven months later "she wrote and told me that she had divorced me"; that he had not seen her since, and that, "I never received any papers of divorce." Claimant was asked if she could identify the signature of Hayes and she said, "No." Immediately thereafter she was shown the statement and stated that the signature thereon was that of Hayes. The objection to the admission of the Hayes statement was that it was hearsay, and was no more than the ex parte statement of one not called as a witness, and cross-examination was impossible. The marriage certificate of claimant and deceased, showing the marriage to have been performed on June 8, 1941, in Arkansas, was admitted in evidence. After that date claimant resided with deceased until his death.

As above stated, the referee found that claimant was not a dependent widow entitled to death benefits. The Commission first approved the findings of the referee; however in subsequent proceedings it reversed itself. The final award found that claimant was the lawful widow of decedent and granted her compensation for the death of her husband as directed by terms of the Workmen's Compensation Act. The district court vacated this award and ordered the reinstatement of the

referee's order of December 3, 1956, denying claimant's asserted right to compensation.

It is the contention of the Attorney General, who seeks reversal, that there is no competent evidence contained in the record to prove that claimant is not the lawful widow of deceased. It is argued that there is a presumption that the marriage to deceased is legal, which presumption is not overcome by showing a prior marriage; that this presumption is stronger than, and rebuts, the presumption of the continuance of the prior marriage; and it is presumed, in favor of the present marriage, that the prior marriage has been terminated. It is further argued that the burden of proof to show the invalidity of the marriage of claimant to deceased, is upon those attacking the validity thereof, which burden is not met by the introduction of incompetent, hearsay evidence.

Questions to be Determined.

First: *Was the district court justified in setting aside the award of the Commission for the reason that the statement made by Isaiah Hayes conclusively established that claimant was not the lawful widow of deceased?*

█ This question is answered in the negative. The written statement allegedly signed by Isaiah Hayes was in the handwriting of a person not called as a witness, and was signed by another person who was not called as a witness. It was purest hearsay and in a civil or criminal action would be inadmissible to prove the truth of any assertion contained therein. *Bailey v. Bullock,* 110 Colo. 205, 132 P. (2d) 783. It is argued, however, that the Industrial Commission is not bound to observe "common law or statutory rules of evidence."

██ C.R.S. 1953, 80-1-22, provides that the Commission, and the referee thereof, " * * * shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure, other than as provided herein or by the rules of the commission, but may make such investigations in

such manner as in its judgment are best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this chapter." Assuming, without deciding, that this statute is constitutional, it cannot be so construed as to wipe out basic and fundamental rules governing the competency of evidence required to establish a fact in all judicial or quasi judicial proceedings, and which is an essential ingredient of due process of law. A right created by statute cannot be denied where the sole support for that denial is evidence which under the law of the land has been held incompetent by the courts. Neither can a liability created by law attach where the only support therefor is incompetent evidence, to the introduction of which proper objection was made.

■ We expressly disapprove statements appearing in a few opinions of this court some thirty years ago indicating that an award of the Industrial Commission cannot be reversed by this court because of the introduction of hearsay evidence. *Vaughn v. Industrial Commission, et al.,* 79 Colo. 257, 245 Pac. 712; *Armour & Co. v. Industrial Commission,* 78 Colo. 569, 243 Pac. 546; *Zook v. Industrial Commission,* 75 Colo. 41, 223 Pac. 751; *Comstock v. Bivens,* 78 Colo. 107, 239 Pac. 869.

■ Numerous recent decisions of this court indicate clearly that an award of the Industrial Commission requires support by "competent evidence," in the absence of which a reversal will follow. *Montgomery Ward & Co. v. Industrial Commission, et al.,* 128 Colo. 465, 263 P. (2d) 817; *Black Forest Fox Ranch, Inc., et al. v. Garrett, et al.,* 110 Colo. 323, 134 P. (2d) 332. In the latter case this court said, inter alia:

"It also is certain that in workmen's compensation cases reviewing courts may not interfere with the findings of the commission *if there is competent probative evidence in support thereof.* It is only when the showing made is without probative force and effect, or is of such a character as not to constitute any legitimate evidence,

that the commission's award will be disturbed." (Emphasis supplied.)

Second: *Was there any competent evidence before the Commission tending to overcome the presumption of validity of the marriage between claimant and deceased?* This question is answered in the negative. Claimant admittedly entered into a ceremony of marriage with deceased on June 8, 1941, and thereafter lived with him as his lawful wife until his death. This admitted fact gives rise to a presumption of validity of the marriage and places on any person contesting the validity thereof, the burden of overcoming, by competent evidence, the effect of this presumption. Our opinion in *Shreyer v. Shreyer,* 113 Colo. 219, 155 P. (2d) 990, is conclusive upon this proposition. No such evidence was offered in this case and the Commission was fully justified in awarding benefits to claimant as the wife of deceased.

The judgment of the district court can only be upheld on the basis that the hearsay statement of Hayes, as a matter of law, destroyed all evidence tending to prove that claimant was the widow, as well as the presumption of the validity of her marriage to deceased. This hearsay statement can be given no such effect, and the judgment is reversed and the cause remanded to the trial court with directions to affirm the award of the Commission.

On Petition for Rehearing.

Mr. Justice Moore:

The petition for rehearing filed in this cause refers to the court's opinion where it is stated "an award of the Industrial Commission requires support by competent evidence." The petition goes on to assert that our opinion "expressly disapproves prior decisions upon which respondents relied in introducing the evidence which this Court now holds to be incompetent."

It is contended that we should remand the case to the commission for further hearing, in order that respond-

ents may be given the opportunity to present competent evidence to replace the hearsay statement allegedly signed by Isaiah Hayes, as shown in the record.

We direct attention to the exhaustive article appearing in Dicta for the month of November 1954, under the title "The Admissibility of Hearsay in Hearings Before Workmen's Compensation Commissions." This article points up the fact that in most all jurisdictions where there is a statute comparable to our own, stating in substance that the commission shall not be bound by common law or statutory rules of evidence, a uniform interpretation thereof has been given. It is generally held to mean "that while the commission's inquiry is not limited by the common law or statutory rules of evidence or by technical or formal rules of procedure, and it may, in its discretion, accept any evidence that is offered, still in the end there must be a residium of legal evidence to support the claim before an award can be made." The following authorities fully demonstrate that our opinion in this case is amply supported by the law as well established prior to our decision: *Carrol v. Knickerbocker Ice Company,* 218 N.Y. 435, 117 N.E. 507; *Olson-Hall v. Industrial Commission,* 71 Colo. 228, 205 Pac. 527; *Public Service Company v. Industrial Commission,* 89 Colo. 440, 3 P. (2d) 799. From *Attschuller v. Bressler,* 289 N. Y. 463, 46 N.E. (2d) 886, we quote:

"The court has never required that such residium should independently of the hearsay establish the accident. The sufficiency of the residium of legal evidence cannot be measured by the mechanical formula. There must be evidence setting forth facts of a probative character outside of hearsay statements to prove the award and show it is fair and just."

The petition for rehearing is denied.