No. 21177.

DICK S. SUZUKI *v.* BETTY A. SUZUKI
(425 P.2d 44)

Decided March 20, 1967.

---

JOSEPH R. MARRANZINO, RICHARD J. BRISKEY, for plaintiff in error.

GEORGE A. HINSHAW, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

PLAINTIFF in error, hereinafter referred to as the father, and Betty A. Suzuki hereinafter referred to as the mother, were divorced on March 26, 1962. The decree entered at that time contained a provision that the care, custody and control of the two minor children of the parties be awarded to the mother until further order of the court.

The facts indicate that due to the condition of the mother's health and other factors over which she had no control, she was unable to give proper care to the children. Accordingly, on the 2nd day of November 1962, she went with the father to the office of his lawyer and entered into a stipulation that the children be given into his custody. The trial court entered an order granting the change of custody pursuant to the stipulation. No evidence was taken and the mother was not present when the order was signed, nor was she represented by counsel at any time at the conference which resulted in the execution of the stipulation.

On July 11, 1963, the mother filed a motion requesting the entry of an order restoring to her the custody of the children. She alleged therein that she was again

able to give them adequate care. A hearing was held on August 8, 1963, at which extensive evidence was offered. At the conclusion of the testimony the trial court announced that the Welfare Department of the City and County of Denver would be directed to assign "one of their most experienced case workers to study this situation and make a report to the Court" at a later date. No further action was taken in the case until January 7, 1964, on which date the trial court entered its judgment granting the mother's motion for return of the children to her custody.

The father seeks reversal of the judgment by writ of error, and urges two grounds as follows:

"I. The trial court committed prejudicial error by admitting in evidence Welfare Department investigators' reports without affording counsel or the parties an opportunity to confront and cross-examine the authors of those reports.

"II. The lower court erred in granting plaintiff's motion for change of custody because evidence adduced at the hearing thereon revealed no 'change of circumstances' or 'new facts presented.'"

■ In connection with point I above, we agree that it was error for the trial court to have received in evidence the hearsay reports of the case worker of the Welfare Department. *Bailey v. Bullock,* 110 Colo. 205, 132 P.2d 783. It does not follow, however, that a reversal of the judgment is necessary because of that error. The nature of the "report" is such that the father could not possibly have been prejudiced by anything contained therein; and furthermore, it affirmatively appears from the court's decree that it did not in any manner enter into the court's thinking to the prejudice of the father.

■ The argument presented under point II above is without merit. Actually the trial court did no more than restore its original order concerning the custody of the children; it was not modified or changed pursuant to any evidentiary hearing. The change in custody which

followed entry of the stipulation was merely made to meet the special circumstances which at the time made it necessary in the best interests of the children. Those special circumstances and disabilities having been removed the trial court had discretionary power to order restoration of custodial rights to the mother. We find no abuse of discretion on the part of the trial court.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.