515 P.2d 110 (1973)
Luis C. OLIVAS, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado (Ex-officio Unemployment Compensation Commission of Colorado), and the Denver Brick and Pipe Company, Respondents.
No. 73-144.
Colorado Court of Appeals, Div. I.
October 10, 1973.
Fredrick P. Charleston, Denver, for petitioner.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Robert L. Harris, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colorado (Ex-officio Unemployment Compensation Commission of Colorado).
Selected for Official Publication.
*111 ENOCH, Judge.
This is a review of a determination of the Industrial Commission, Ex-officio Unemployment Compensation Commission of Colorado, denying Luis C. Olivas' application for unemployment compensation. After a hearing, a referee held that Mr. Olivas was not entitled to benefits because he had been fired for repeated unexcused absences. The Commission subsequently reviewed the record and affirmed the no award decision of the referee. Claimant contends that the decision of the Commission is not supported by substantial competent evidence and, therefore, must be set aside. We agree.
The factual issue in this case is whether claimant was offered and accepted a "better job" as defined by 1969 Perm.Supp., C. R.S.1963, 82-4-8(4)(g)(i), prior to leaving Denver Brick and Pipe Company, or whether he was fired by his employer prior to accepting a new job. At the hearing, claimant testified that sometime in late March he was offered and accepted a job with a construction company and notified his foreman at Denver Brick that he was quitting. He furthur testified that the pay and hours were better at the new job. A representative of the construction company testified that he had offered Olivas a job either the last week of March or the first week of April. However, due to a slowdown in business, he was unable to use Olivas until April 25. Claimant worked for the construction company until October 20th.
No witnesses testified on behalf of the employer. The only evidence introduced by the employer consisted of two written warnings issued to Olivas concerning unexcused absences, and a notarized affidavit signed by Olivas' foreman. The affidavit stated that Olivas was discharged on April 3rd because of unexcused absences and, further, that the foreman had never received any notice that Olivas was quitting. The employer made no showing that the foreman was unavailable to testify in person. On cross-examination Olivas admitted receiving the two warnings, but reiterated that he had notified his foreman that he was quitting. On the basis of this evidence, the referee concluded that claimant was discharged for unexcused absences.
Numerous Colorado cases have held that a decision of the Industrial Commission will not be disturbed if its findings are supported by competent probative evidence. E.g., Williams v. New Amsterdam Casualty Co., 136 Colo. 458, 319 P.2d 1078; Johnson v. Industrial Commission, 137 Colo. 591, 328 P.2d 384. However, as the court explained in Williams, "There must be evidence setting forth facts of a probative character outside of hearsay statements to prove the award and show it is fair and just." In the case at hand, the only evidence supporting the Commission's decision is the affidavit of the foreman, which is clearly hearsay. This evidence alone cannot serve as the basis for the Commission's ruling.
The employer argues that Olivas' testimony admitting his absences provides the residuum of legal evidence necessary to support the order. However, the critical issue is whether Olivas quit before he was discharged, not whether the employer had grounds for firing him. No competent evidence corroborated the foreman's hearsay statement that Olivas had not quit his job before he was discharged.
The order of the Industrial Commission is set aside and the cause remanded for a rehearing on all issues.
SILVERSTEIN, C. J., and SMITH, J., concur.