**OXFORD CHEMICALS, INC., and Liberty Mutual Insurance Company, Petitioners,**

v.

**Leslie RICHARDSON, and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 88CA1709.

Colorado Court of Appeals, Div. III.

July 13, 1989.

As Modified on Denial of Rehearing Aug. 17, 1989.

Certiorari Denied Nov. 13, 1989.

White and Steele, P.C., Michael A. Perales, Denver, for petitioners.

Sarney, Trattler & Waitkus, P.C., William J. Macdonald, Denver, for respondent Leslie Richardson.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Aurora Ruiz–Hernandez, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

Opinion by Judge RULAND.

Oxford Chemicals, Inc. (employer), seeks review of the order of the Industrial Claim Appeals Office (Panel) awarding Leslie Richardson (claimant) workmen's compensation benefits, medical benefits, and remanding this matter to the Administrative Law Judge (ALJ) for a determination of penalties. We affirm the order of the Panel in all respects except for its remand on the penalty. We dismiss the petition as to the penalty.

I.

First, we address claimant's assertion that the Panel lacked jurisdiction to

review the ALJ's order. Claimant contends that the employer's petition for review was defective because it failed to specify in detail the alleged errors committed by the ALJ as required by § 8–53–111(1.1), C.R.S. (1988 Cum.Supp.). Relying upon *Ortiz v. Industrial Commission*, 734 P.2d 642 (Colo.App.1986), the Panel concluded that this requirement, like the necessity of filing briefs, is not jurisdictional. We agree.

In *Williams v. New Amsterdam Casualty Co.*, 136 Colo. 458, 319 P.2d 1078 (1957), our supreme court held that a petition which merely alleged that "the Commission's determination that claimant was the lawful widow of decedent was erroneous" was sufficient to comply with the statutory requirement. Here, employer alleged that the ALJ "acted without or in excess of her powers," that the order was "contrary to the law and facts," contained "general and specific errors," and that it was "not supported by competent or substantial evidence." Although this petition failed to comply with the specificity requirement of the statute, the Panel has jurisdiction to consider the petition if it elects to do so.

## II.

Shortly after his injury, claimant signed a document at the request of a claims adjuster for the workmen's compensation carrier in which claimant purports to "reject" his right to workmen's compensation benefits under the Act and to accept only no-fault benefits payable pursuant to his personal automobile policy. Employer asserts that the doctrine of waiver should have been applied to preclude claimant from seeking benefits under the Act. We disagree.

■ Even assuming that claimant signed the document with full knowledge of all the relevant facts concerning his right to benefits, we conclude that the document was ineffective as a waiver. This is so because any release of claimant's entitlement to benefits is ineffective, by the express provisions of § 8–52–107, C.R.S. (1986 Repl.Vol. 3B), unless the release is accomplished pursuant to some applicable provision of the

Act. We agree with the Panel's conclusion that the document in question here was in the nature of a purported settlement. As such, approval of the ALJ or the director of the division was required by § 8–53–105, C.R.S. (1988 Cum.Supp.). The requisite approval not having been obtained, the waiver is of no effect.

## III.

■ We also disagree with the employer's contention that the ALJ incorrectly calculated claimant's average weekly wage. Employer argues that the ALJ was bound to deduct from the total claimant earned in commissions the amount of excess draws which claimant previously had received. However, there was evidence which supports the finding that employer did not intend to require claimant to reimburse it for the overpayment. Therefore, we are bound by the ALJ's resolution of this issue. *See May D & F v. Industrial Claim Appeals Office*, 752 P.2d 589 (Colo.App.1988); *see also Western Sizzlin Steak House v. Axton*, 701 P.2d 96 (Colo.App.1984).

## IV.

■ Employer also asserts that the ALJ lacked jurisdiction to order its insurer to comply with the provisions of the 1983 version of § 10–4–707(5), C.R.S. *See* Colo. Sess.Laws 1983, ch. 94 at 458. That section provided for a reduction of benefits under claimant's no-fault insurance coverage to the extent that benefits were "provided" under the Act within the time period for payment of no-fault motor vehicle insurance benefits.

The Panel concluded that it was within the ALJ's discretion, when determining "by whom and to whom such benefits shall be paid," pursuant to § 8–53–110, C.R.S. (1988 Cum.Supp.), to order that a portion of the benefits payable to claimant be reimbursed to the no-fault carrier.

We agree with the reasoning of the Panel. Here, the ALJ awarded claimant temporary total benefits for the time period commencing from the date of the accident. Hence, the personal injury protection

award was within the same time period as covered by the Act and the ALJ's order prevented a duplication of benefits consistent with the express intent of the Colorado Auto Accident Reparations Act. *See* § 10–4–709(1), C.R.S. (1987 Repl.Vol. 4A).

## V.

Finally, employer contends that the Panel erred in setting aside the ALJ's decision which originally denied claimant's request for a penalty. While the Panel determined that a penalty must be imposed, it remanded the matter to the ALJ for a determination, based on the existing record, of the date when the insurer had notice or knowledge of claimant's injury and entry of findings on the penalty issue. Hence, a final order on this issue is lacking, and the Panel's decision is not subject to review by this court. *See CF & I Steel Corp. v. Industrial Commission*, 731 P.2d 144 (Colo.App.1986); § 8–53–119(1), C.R.S. (1986 Repl.Vol. 3B).

We have considered and find no merit in the employer's other contentions.

That part of the petition which seeks review of the Panel's decision relative to the penalty is dismissed. The remaining orders of the Panel are affirmed.

CRISWELL and NEY, JJ., concur.