No. 13,662.

Estate of Boze.
Boze *v.* Boze.
(42 P. [2d] 470)

Decided March 4, 1935.

Mr. WALDO RIFFENBURG, Mr. MARION F. JONES, for plaintiff in error.

Mr. WM. R. BAAB, Mr. E. H. HOUTCHENS, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE BUTLER delivered the opinion of the court.

JAMES C. Boze died February 26, 1933, leaving as his sole assets $1,019.40. A controversy arose over the right to be appointed administratrix of the estate. Merle Boze claimed to be Boze's widow and as such entitled to the appointment. Her claim was contested by Nellie Boze, who claimed that she, not Merle, was the widow. The case was tried to a jury. The court directed a verdict for Nellie, and upon such verdict rendered judgment in her favor. The correctness of the court's action is challenged by Merle.

Boze and Nellie were married October 7, 1905. They separated in 1914 and never lived together after that. In 1923, Boze and Merle went through a marriage ceremony and thereafter lived together as husband and wife. Whether that marriage is valid or invalid depends upon whether or not Boze and Nellie were divorced.

There is a prima facie presumption that the marriage of Boze with Merle is valid, and therefore that his marriage with Nellie had been dissolved by a divorce, and the burden of proving the contrary rested upon Nellie. To overcome that presumption it required more than the mere presumption that the marriage of Boze with Nellie continued to exist. *Jones v. Milliken,* 96 Colo. 279, 42 P. (2d) 467; *Pittinger v. Pittinger,* 28 Colo. 308, 64 Pac. 195. Nellie introduced some evidence tending to raise an inference that there was no divorce, and Merle introduced evidence tending to raise an inference to the contrary.

There is evidence to the effect that in 1926, and thereafter, Nellie was living with a man named Ballard; that at that time and repeatedly thereafter she introduced him as her husband; that she called herself Mrs. Ballard; and that during the time she was living with Ballard she gave birth to a child. That raises another prima facie presumption; namely, a presumption of innocence, a presumption that Ballard and Nellie were not living together in adultery, but were lawfully married, and that their child is not illegitimate, and that includes a prima facie presumption that her marriage with Boze had been dissolved.

In the circumstances, the case should have been submitted to the jury. It was for them to determine, in the light of all the facts and circumstances in evidence and the reasonable inferences to be drawn therefrom, whether or not the marriage of Boze with Nellie was dissolved by a divorce. See cases cited supra. If it was, the marriage of Boze with Merle is valid and she is Boze's widow and entitled to be appointed administratrix of the estate; otherwise, not.

The trial court erred in directing the verdict for Nellie and in rendering judgment in her favor.

The judgment is reversed, and the cause is remanded for a new trial.

Mr. Justice Burke and Mr. Justice Young concur.