No. 15,481.

Shreyer *v.* Shreyer.

(148 P. [2d] 1003)

Decided April 24, 1944.   Rehearing denied May 15, 1944.

Mr. E. V. Holland, Mr. Lansford F. Butler, for plaintiff in error.

Mr. JOHN F. MUELLER, for defendant in error.

*En Banc.*

MR. JUSTICE GOUDY delivered the opinion of the court.

THE only claim of error presented here is whether the judgment and decree of the trial court, entered ·after a final decree of divorce, and dividing property of the parties, is contrary to the great weight of all the evidence.

September 17, 1942, defendant in error, plaintiff below, hereinafter referred to as plaintiff, brought suit for separate maintenance against plaintiff in error, defendant below, hereinafter referred to as defendant, alleging in her complaint that she and the defendant were husband and wife and were operating a taxicab business which had been acquired through their joint efforts; that defendant was neglecting the business and encumbering its assets. She prayed, inter alia, for an order providing for the continuance of the business, restraining the defendant from further participation therein and for a decree fixing the rights of the parties. An order was entered placing plaintiff in charge of the business. Subsequently hearings were held on motion of defendant to dissolve such order, evidence being introduced by both parties as to the operation of the business and their interests therein. February 9, 1943 a receiver was appointed to take charge of and continue the business. His report disclosed the company to be in poor shape financially, its cabs in run down condition and he advised against such continuance. The complaint having been amended, interlocutory decree of divorce was granted to plaintiff, and at a subsequent hearing, at which both parties and the receiver were present, it was shown that the plaintiff had been employed by the receiver to continue the operation of the business; that the defendant also was employed and had been paid $25.00 per week

by the receiver because of his interest therein, which payments had been suspended because of a filing of an attachment by United States officials for social security payments; that the receiver had changed the nature of the business to driver-owner, where the drivers own their own cabs, keep them up and pay certain fees to the taxicab company; whereupon the court ordered the receiver to continue the business and try to salvage the assets of the company. Thereafter motion was filed by defendant to discharge the receiver and declare the business his property; and plaintiff filed a petition for a division of the property. November 2, 1943, the court awarded plaintiff a final decree in divorce and held a hearing on the motions of both parties for determination of their property rights. At that time the only remaining assets were the family home and furniture, encumbrances on both being foreclosed upon elsewhere (the dispositions of which are not questioned here), and the assets of the taxicab company, which at that time consisted of seven taxicab, or herdic, licenses issued by the City of Denver, in the names of plaintiff and defendant. Evidence was introduced as to the value of these licenses and the income of the company. The trial court, which had become informed as to the history and operations of the company, and the claims of the parties over a period of many months, made its findings that the herdic licenses were of a value of $2,800, and were acquired through the mutual efforts of the parties, and decreed: that plaintiff continue the operation of the company, and if she sell the licenses, one-half the sale price should be paid to defendant. If, however, she does not sell them, then she is to pay the defendant the sum of $1,400 at the rate of $100 per month. Plaintiff was denied alimony; the receiver was ordered to close the receivership affairs, and if any money remained in his receiver accounts after payment of attorney and receiver fees, etc., to divide the same equally between the plaintiff and defendant.

■ Defendant specifies but one point upon which he predicates error: "That the findings and judgment of the trial court in turning the 'Taxicab' business over to defendant in error is contrary to the great weight of all the evidence." The argument is that the court could not divide the property in the manner set forth in the decree, and therefore abused its discretion; that the only power the court had was to make an award in the nature of alimony, and that it could not divest the husband of title to his property. Counsel's contention seems to be that the trial court used the wrong method in accomplishing a division of the personal property which constitutes all the estate. He cites 17 American Jurisprudence, page 464, sections 592 and 593, which in substance state that the wife should not be given dominion over the husband's property, and that alimony is not a specific assignment of the husband's property to the wife. These are not the situations here, for the trial court, upon conflicting evidence, found that the property was jointly accumulated and owned by the parties. Section 8, chapter 56, '35 C.S.A., provides that the court may grant alimony, or may decree a division of property. This division of property is essentially different from an award of alimony. 19 C.J., p. 203, §495.

■ There is ample evidence in the record to support the finding of fact by the trial court that plaintiff did contribute to and was entitled to a one-half interest in the business, and this finding will not be disturbed here. *Wigton v. Wigton,* 73 Colo. 337, 216 Pac. 1055; *Van Gordor v. Van Gordor,* 54 Colo. 57, 129 Pac. 226.

■ Defendant suggests, and would no doubt have been content with, a decree giving the title to him and ordering him to account to his wife for half, but he objects to its being done the other way around. He continually refers to the business as "his business," and the licenses as "his licenses." Careful review of the record convinces us that the finding of the trial court that the parties owned the business jointly was correct. The

purpose of the decree is to divide the property and this will be accomplished. The fact that the division could have been ordered by the court to have been made in other ways does not, ipso facto, make the method adopted by the court an abuse of discretion. When the matter came to nisi prius for attention the business was in a precarious financial condition, and it appears that the operations, continued under the guidance of the plaintiff, and later under the receiver with her assistance, owe their successful outcome to these efforts, and that the credit for the licenses now having a substantial value belongs to the plaintiff. Under her direction, aided by the receiver, the business now having passed its financial crisis, defendant claims title thereto should be placed in him. We do not agree.

The judgment is affirmed.