No. 15,548.

SHREYER *v.* SHREYER.
(155 P. [2d] 990)

Decided January 22, 1945. Rehearing denied February 19, 1945.

Mr. L. F. BUTLER, Mr. E. V. HOLLAND, for plaintiff in error.

Mr. JOHN F. MUELLER, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

THIS inquiry has to do with the parties who were involved in *Shreyer v. Shreyer,* 112 Colo. 281, 148 P. (2d) 1003. There, defendant in error, alleging cruelty, sought judgment for separate maintenance. She alleged further that the parties were engaged in conducting a taxicab business, and that through "their joint efforts have acquired valuable 'herdic' licenses issued by the city, county and state * * * and several automobiles of divers kinds and makes"; that in relation thereto defendant was, and had been, so conducting himself that the assets of the venture, as well as the business as such, were being destroyed and dissipated, concerning which she prayed for relief. Defendant denied generally, and in a cross complaint alleged cruelty, praying for divorce. Subsequently he withdrew his answer and cross complaint, and the prayer of plaintiff was changed from that of separate maintenance to one for divorce. May 1, 1943, trial of the domestic issues was had, plaintiff prevailed and was given an interlocutory decree of divorce.

Disposition of issues in relation to the taxicab property and business was reserved. November 2, 1943, final decree of divorce was entered. November 18, 1943, plaintiff was denied alimony, but on the claim that the parties jointly were conducting the taxicab business, division of the property involved was decreed. It was in relation to that decree that we examined *Shreyer v. Shreyer, supra,* and where there was affirmance April 24, 1944.

Our remittitur reached the trial court May 16, 1944, and May 17th, Shreyer filed a motion therein, asking that the action be dismissed, for that, as said, while plaintiff had alleged in her complaint that "she was married to the defendant herein on January 1, 1928," predicated whereon decree of divorce and order and judgment granting her "division of property or property rights" had been entered in her favor, "defendant has now determined that she was not divorced from a former husband and thereby had no legal capacity to enter into a contract of marriage with this defendant, and thereby perpetrated a fraud upon this defendant and this court in the premises."

January 5, 1928, the parties were formally married in Denver. In their application for license to marry, usual questions were asked and answered, from which it appeared that previously Shreyer had not been married, while Mrs. Shreyer, by a formal ceremony performed June 8, 1919, in Detroit, Michigan, had been married to one William White, but was divorced. The parties, from the time of their marriage to their separation, about September, 1942, or some fourteen years, lived together as husband and wife, neither at any time, so far as appears, questioning the good faith of the other as to marriageable status. It was not until after divorce decree had been entered—a decree not challenged in any particular—and the decree in relation to ownership and disposition of property had been affirmed on review, did Shreyer make charges to the effect that Mrs.

Shreyer had not been divorced from her former husband, by reason whereof, as said, she was not qualified to enter into marriage at the time of the formal ceremony to that end; hence was not competent to ask for or receive the relief in relation to property, already adjudged, as above stated.

The testimony introduced indicated that November 28, 1921, White, of the Detroit marriage, filed a complaint for divorce in the Wayne county, Michigan, circuit court; that a few months thereafter, Mrs. Shreyer, defendant there, as she testified in this proceeding, appeared in that court and gave testimony in the suit of. White against White, in which, as she further testified here, she "understood the divorce went through," her husband stating to her that a divorce had been granted to him; that she received no papers in relation to the matter, and continued to live in Detroit for about six years, when she came to Denver; that a few weeks after she arrived in Denver, Shreyer, with whom she was acquainted in Detroit, also came to Denver, and that they were married on the date already stated; that in 1922 or 1923, she heard that White had remarried. By exhibits received in evidence it appeared that White, not Mrs. White, had instituted the Detroit divorce case, which was filed November 28, 1921, as we have seen, and that May 27, 1926, "no progress" having been made therein, there was dismissal of the suit, without prejudice. There was no showing that Mrs. Shreyer had been a party to any other divorce suit, nor that White might not have instituted another suit in some other court of competent jurisdiction elsewhere in the country and secured a decree of divorce, or that he might not have died. The entire showing was with relation to the Detroit case—nothing else. The trial court held adversely to Shreyer on his motion and adjudged in denial of his prayer to reopen the case.

■■ Considering that January 5, 1928, the parties here entered into a formal marriage, and that in respect

thereof they lived in the resulting relation for many years, presumption of the legality of their marriage obtains. *Boze v. Boze,* 96 Colo. 309, 42 P. (2d) 470; *Jones v. Milliken,* 96 Colo. 279, 42 P. (2d) 467; *Pittinger v. Pittinger,* 28 Colo. 308, 64 Pac. 195. The potency of such presumption is not overcome by a showing to the effect that years previously Mrs. Shreyer had married another. Cases supra, and *Hadley v. Rash,* 21 Mont. 170, 53 Pac. 312. The presumption thus obtaining "is stronger than, and overcomes or rebuts, the presumption of the continuance of the previous marriage, and the burden of proving the continuance of the previous marriage and the invalidity of the second marriage is upon the party attacking the validity of the subsequent marriage. In other words, the presumption of the continuance of a previous marriage in itself is not equal in probative force to the presumption of the validity of the subsequent marriage. It is presumed, in favor of the validity of the subsequent marriage, that the previous marriage has been dissolved by death, divorce, or annulment." 35 Am. Jur., p. 306, §195. "To show the illegality of a second marriage, there must be proof of a continuance of the prior marital relation, even when such proof involves the establishment of the negative proposition that there has been no divorce. * * * In other words, the burden of proving that a divorce has not been granted to either party to a former marriage is substantial, and is not met by proof of facts from which mere inferences may be drawn. It has been said that one must prove the continued existence of the earlier marriage as an actual fact, in order to defeat the validity of the second marriage. 'Mere proof of a prior marriage and that one party had not obtained a divorce is not sufficient, for the other might have obtained such divorce and left him or her free to contract the second marriage.'" 35 Am. Jur., p. 323, §218. It is clear that the trial court proceeded consistently with established legal principles, and we are not persuaded that it re-

solved other than in accordance with controlling presumptions born of the revealed situation.

- ██ It is pertinent to add, that the property recovery which Mrs. Shreyer enjoyed in the earlier consideration of the matter, was not based on her rights as a wife, or Shreyer's responsibilities as a husband. The property award was made on the premise that it was "jointly accumulated and owned by the parties." It was not "an award of alimony." *Shreyer v. Shreyer, supra.* In so far as any property rights may have been involved—and that is Shreyer's chief concern here—the "law of the case" was announced in the cited Shreyer inquiry.

Let the judgment be affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE ALTER concur.