Sharon D. GAINEY, Sandra Lee Gainey, Minors, by their next friend, Marjorie Wilson, Appellants,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Appellee.

No. 6304.

United States Court of Appeals Tenth Circuit.

May 13, 1960.

Before MURRAH, Chief Judge, and BRATTON and LEWIS, Circuit Judges.

BRATTON, Circuit Judge.

Sharon D. Gainey and Sandra Lee Gainey acting through their mother and next friend, Marjorie Wilson, formerly Marjorie Gainey, filed an application for benefits under the Social Security Act, as amended 42 U.S.C.A. § 301 et seq. The basis of the application was that the claimants were surviving children of their deceased father, Wallace W. Gainey, a wage earner. After intervening departmental proceedings which do not have any present material bearing, the claimants requested and obtained a hearing before a referee. The referee found among other things that the wage earner was married twice; that he and his first wife were married in 1910 or 1911 in Tangipahoa, Louisiana; that she died in 1951; that at the time of the hearing before the referee there were two daughters living of that marriage, one residing in New Orleans, Louisiana, and the other in Clermont Harbor, Mississippi; that in 1935, the wage earner and the mother of the claimants were married in Colorado; that the claimants were the daughters of that marriage; that the mother of the claimants divorced the wage earner in 1950; that the wage earner died in 1956; that a search of the divorce records in New Orleans and in the City and County of Denver, Colorado, failed to reveal that a divorce did exist between the wage earner and his first wife; that although there was a presumption that a valid marriage between the wage earner and the mother of the claimants existed, the facts contained in the record overcame such presumption; that the claimants failed to establish the validity of the marriage between their mother and the wage earner; and that, therefore, the claimants were not the legitimate children of their mother and the wage earner. Based primarily upon such findings, the referee decided that the claimants were not entitled to benefits under the Act and that decision became the final action of the

David Berger, Denver, Colo., for appellants.

Jack K. Anderson, Asst. U. S. Atty., Golden, Colo. (Donald G. Brotzman, U. S. Atty., Boulder, Colo., was with him on the brief), for appellee.

**58**

Secretary of Health, Education and Welfare. As authorized in 42 U.S.C.A. § 405(g), the claimants instituted this proceeding in the United States Court for Colorado to review the action of the secretary. The secretary filed with his answer a certified copy of the transcript of the record including the evidence upon which the findings and decision were based. Both sides moved for summary judgment. The secretary's motion was granted and this appeal followed.

 The judgment is challenged upon the ground that the finding of the referee that a divorce did not exist between the wage earner and his first wife was not supported by substantial evidence, as used in administrative hearings. The jurisdiction of the court to entertain the proceeding to review the final decision of the secretary had its source in section 205(g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g). While vesting certain specified courts with jurisdiction to entertain proceedings to review final decisions of the secretary upon claims for benefits under the Act, the section expressly provides that findings of fact of the secretary, if supported by substantial evidence, shall be conclusive on such review. And the conclusive effect of findings of fact made by the secretary includes inferences from the evidence if there was substantial basis for them. Folsom v. O'Neal, 10 Cir., 250 F.2d 946; Carqueville v. Flemming, 7 Cir., 263 F.2d 875. Therefore, the scope of judicial review in a case of this kind is not unlimited. Neither the district court in the first instance nor a court of appeals on appeal is free to substitute its findings of fact or its inferences drawn from the evidence for those of the referee which later become the basis of the final decision of the secretary if the findings and inferences of the referee are supported by substantial evidence.

 Appropriate application of this well-established guide leads us to the conclusion that there was substantial evidence in the record before the referee to support the pivotal finding of fact that the wage earner and his first wife were never divorced. The evidence presented conflicts from which different inferences might have been drawn but they were for the referee. We cannot say that the finding is without substantial support in the record. And there being rational basis in the record for the finding, it will not be overturned on appeal.

 The substance of the further attack upon the judgment is that the administrative procedural rule of substantial evidence does not apply in this case; that instead, the rule of law in Colorado applies in weighing the evidence bearing upon the question of the validity of the marriage of the wage earner to his second wife; that the law of Colorado would require a court, upon the facts presented in the hearing before the referee, to find that the second marriage of the wage earner was valid, and the children thereof legitimate; and that, therefore, the contrary finding of the referee cannot stand. In presently pertinent part, section 216(h) (1) of the Act, 42 U.S.C.A. § 416(h) (1), provides:

> "In determining whether an applicant is the * * * child * * * of a fully insured or currently insured individual for purposes of this title, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property * * * if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death. * * * Applicants who according to such law would have the same status relative to taking intestate personal property as a * * * child * * * shall be deemed such."

And section 152–2–8, Colorado Revised Statutes 1953, provides:

> "Illegitimate children shall inherit the same as those born in wedlock, if the parents subsequently intermarry, and such children be recognized after such intermarriage by the father to be his, and illegitimate children shall inherit from their

mother the same as those born in wedlock."

When these two statutory provisions are construed together, it is clear that since the mother of the claimants and wage earner did not intermarry after the birth of the claimants, in order for the claimants to be entitled to benefits under the Act as children of the wage earner, it was necessary for them to establish that the marriage between their mother and the wage earned in 1935 was valid. Under the law of Colorado where one has been married twice, there is no inflexible rule by which to determine in all cases whether the first marriage was dissolved by divorce before the second took place. Each case must be determined upon its own facts and circumstances, including reasonable inferences fairly to be drawn from the facts. Pittinger v. Pittinger, 28 Colo. 308, 64 P. 195. But within the ambit of that general rule, two presumptions obtain in that state. One is that once marriage is shown, its continuance is presumed. The other is that once marriage is shown, it is presumed to be valid in the sense that both parties thereto are capable of entering into a marriage contract. And where a person has been married twice and the two presumptions are weighed, one against the other, the latter outweighs the former. In other words, under the law of that state where two parties are married, the presumption that each is capable of entering into a marriage contract is not overcome by a mere showing that at some time prior thereto one of them was married to another person. Pittinger v. Pittinger, supra; Shreyer v. Shreyer, 113 Colo. 219, 155 P.2d 990. But the referee did not disregard that rule. On the contrary, he impliedly recognized it. He found in effect that the presumption of the marriage of the wage earner to his first wife continued, and evidence of probative value adduced at the trial indicating that it was not terminated by divorce, together, were sufficient to overcome the presumption that his second marriage was legal. And we cannot say that the finding in that respect was without adequate support in the record before the referee.

The essence of a third ground of attack upon the judgment is that in a case of this kind in which the legitimacy of children or the validity of a marriage is an issue, application of the administrative standard of substantial evidence rather than the burden of proof required by the law of the state applicable constitutes a violation of the due process clause of the Constitution of the United States U.S.Const. Amend. 14. The ground of attack and the argument advanced in its support are predicated upon the premise that the finding of the referee to which reference has been made resulted from the application of the administrative standard of substantial evidence rather than the burden of proof required by the law of Colorado. From what has already been said, the premise finds no support in the record; and, therefore, the ground of challenge must fall with the premise.

 The final contention advanced for reversal of the judgment is that the decree of divorce between the wage earner and his second wife had the effect of legitimating the children born as the issue of that marriage. Reliance is placed upon section 46–3–6, Colorado Statutes 1953, to sustain the contention. The statute provided:

"No decree annulling a marriage shall affect the legitimacy of any child born as the issue of such void or voidable marriage, and any such child shall be deemed to be the legitimate child of each of said parents."

It is to be observed that the statute speaks only of the effect of a decree annulling a void or voidable marriage. In respect to such a decree, the statute provides that it shall not affect the legitimacy of any child born as the issue of such a marriage; and that any such child shall be deemed to be the legitimate child of each of such parents. And the Supreme Court of Colorado has determined that the statute refers only to a case where an annulment proceeding is brought. Valdez v. Shaw, 100 Colo. 101,

66 P.2d 325. There is a wide distinction between a conventional annulment proceeding and a conventional action for divorce. An annulment proceeding is one in which the validity of a marriage is challenged from its inception on the ground that one or both of the parties was underage, on the ground that one or both of the parties was married to another person, on the ground that the proceeding was attended by fraud, or on some other fairly comparable ground. An action for divorce is one in which termination is sought of a valid marriage upon one or more statutory grounds. The mother of the claimants did not institute against the wage earner an action to annul their marriage upon the ground that it was void or voidable. She brought against him an action for divorce and a decree of divorce was granted to her. Therefore, the statute has no application to the rights of the claimants to benefits under the Social Security Act, as amended, supra.

The judgment is affirmed.