Caroline O. CLARK, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of
Health, Education and Welfare,
Defendant.

Civ. No. 1292.

United States District Court
D. South Dakota, S. D.

Sept. 18, 1962.

Milton Buechler, Lennox, S. D., for plaintiff.

Harold C. Doyle, U. S. Dist. Atty. for Dist. of South Dakota, and Travis H. Lewin, Asst. U. S. Dist. Atty., Sioux Falls, S. D., for defendant.

MICKELSON, Chief Judge.

This action is brought under Sec. 205 (g) of the Social Security Act, as amended, 42 U.S.C.A. § 405(g), whereby the plaintiff, after having exhausted all administrative remedies, seeks judicial review of a final decision of the Secretary of Health, Education and Welfare, denying plaintiff the old-age insurance benefits for which she had applied.

Plaintiff, Caroline O. Clark, filed an application for old-age insurance benefits on November 19, 1958. She was 76 years of age at the time. She claimed that she had derived earnings from self-employment in the years 1957 and 1958 as a farm operator. The Bureau of Old-Age and Survivors Insurance found that plaintiff had not engaged in a trade or

business as a farmer in 1957 and 1958, and on October 19, 1959, issued its determination that plaintiff was entitled to old-age insurance benefits only on the basis of her husband's wage record. This determination was affirmed on reconsideration on December 28, 1959. In response to plaintiff's timely request, a hearing was held by a hearing examiner of the Social Security Administration on October 20, 1960, at Sioux Falls, South Dakota, at which the plaintiff appeared personally, together with her husband, Thomas A. Clark, who represented her, and her son, Dwight Clark. On the basis of the testimony taken at the hearing, the hearing examiner filed his decision on January 17, 1961, which reversed the Bureau's determination and held that plaintiff had derived self-employment income as a farm operator in 1957 and 1958, and thus was entitled to old-age insurance benefits as a fully insured person. The Appeals Council of the Social Security Administration reviewed the hearing examiner's decision on its own motion and on July 31, 1961, issued its decision reversing the hearing examiner's findings and holding that the income in question for the years 1957 and 1958 constituted rental income to the plaintiff. Since rental income is not ordinarily includable as earnings from self-employment, plaintiff was held not to be entitled to the benefits for which she had applied. Plaintiff commenced a civil action in this court, seeking judicial review of the Appeals Council's decision. The defendant answered and made a motion for summary judgment under Rule 56 (b) and (c) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Before reviewing the facts as they are set forth in the record, it should be noted that the function of the court with respect to a review of a final decision of the Secretary in a case of this nature is set forth in Sec. 205(g) of the Social Security Act, 42 U.S.C.A. § 405 (g). It is stated therein that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." Thus this court may not substitute its judgment for that of the administrative agency involved, even though upon a consideration of all the evidence the court might have reached a different conclusion. Craig v. Ribicoff, D.C.N.C.1961, 192 F.Supp. 479. This court is limited to ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact. Goldman v. Folsom, 3 Cir., 1957, 246 F.2d 776; Foster v. Flemming, D.C.Iowa 1960, 190 F. Supp. 908. Thus the proceeding in this court is not a trial *de novo* and is limited to the consideration of the pleadings, the transcript of the proceedings, and the findings of fact. Substantial evidence has been defined as such evidence as a reasonable mind would accept as adequate in support of a conclusion. Consolidated Edison Co. of New York v. N. L. R. B., 1938, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126. It is such evidence as would justify a refusal to direct a verdict, if the trial were to a jury, when the conclusion sought to be drawn from it is one of fact for the jury. N. L. R. B. v. Columbian Enameling & Stamping Co., 1939, 306 U.S. 292, 59 S.Ct. 501, 83 L.Ed. 660; Craig v. Ribicoff, supra. This court realizes, of course, that it is not to abdicate its judicial function in reviewing the case, even though its scope of review has been narrowly circumscribed. Universal Camera Corp. v. N. L. R. B., 1950, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456. Therefore, the court has considered the entire record very carefully and has taken into account the evidence which fairly detracts from the weight of the evidence which is relied upon to support the Secretary's findings.

Plaintiff is entitled to old-age insurance benefits under the Social Security Act only if the income she received during 1957 and 1958 constituted net earnings from self-employment, as defined in Sec. 211(a) of the Social Security Act, 42 U.S.C.A. § 411(a). Plaintiff's income from her farm land would be includable as net earnings from self-employment only if plaintiff was the actual operator of the land or if she had ma-

terially participated in the production or the management of production of the crops grown on her land under an agreement with her son, Dwight Clark, that she so materially participate. Rev.Rul. 60–32, Cum.Bull. 1960–1, p. 23; Sec. 211(a) (1) Social Security Act, 42 U.S. C.A. § 411(a) (1). The Appeals Council found that plaintiff failed to establish her eligibility for benefits under either test.

Plaintiff is the owner of two tracts of land in Lincoln County, South Dakota, one comprising 160 acres and the other 60 acres. During the twenty years immediately preceding 1957, the two tracts of land had been farmed by plaintiff's son, Dwight Clark, who paid plaintiff cash rent yearly. Sometime prior to 1957, it was decided to put the 160 acre tract into the soil bank for the year 1957. Dwight Clark testified that in 1956 he was farming 800 acres of his own land in addition to plaintiff's 220 acres. He stated that he hurt an eye in 1956 and therefore desired to cut down on his farming operations; consequently, he urged his mother to put her farm land into the soil bank. It appears that plaintiff and her son reached an agreement whereby Dwight Clark was to seed the 160 acre tract to grass in order to make the land eligible for soil bank participation, and in return Dwight was to keep the entire crop from the 60 acre tract which he continued to farm. The 160 acre tract was duly placed in the soil bank. The records in the Agricultural Stabilization and Conservation office (hereinafter ASC) in Canton, South Dakota, indicate that Caroline O. Clark was listed as the owner of the land and that Dwight Clark was listed as the operator thereof. Further, the records show that Caroline O. Clark and Dwight Clark each received 50 per cent of the soil bank payments made in 1957 and 1958 on the tract in question. Both plaintiff and her son testified that Dwight Clark turned his soil bank checks over to Caroline O. Clark in 1957 and 1958. Dwight Clark testified that he should not have been listed as the ten-

ant of the land since it was his mother who had placed the land in the soil bank. It was Dwight's contention that he was listed as the tenant merely to satisfy the requirements of the ASC regulations which prohibited a landlord from displacing a tenant in order to place land in the soil bank.

There are three letters in the record from Mr. R. A. Kennedy, office manager of the Lincoln County ASC office, concerning the listing of Dwight Clark as the tenant for soil bank payment purposes. The first letter, dated September 8, 1959, constituted a response to an inquiry from the Bureau of Old-Age and Survivors Insurance. It stated that Caroline O. Clark was listed as the owner of the land in question and that Dwight Clark was listed as the operator of the land in 1957 and 1958. Further, it stated that the payments were made in the names of Caroline O. Clark and Dwight Clark, with each receiving 50 per cent of the payments. The second letter, dated September 18, 1959, stated that regulations provided that a landlord who had a tenant prior to 1957 could not displace the tenant for soil bank participation; thus such a tenant had to be shown on soil bank contracts as getting a share of the payments. On April 15, 1960, Mr. Kennedy stated in a letter that Dwight Clark had orally given up the tenancy on the land prior to Mrs. Clark's placing the land in the soil bank. The letter further stated that Mrs. Clark received all the payments made in connection with the land. Mr. Kennedy did not state the source of his information, however. The plaintiff and Dwight Clark stated that Dwight Clark executed a written release with the ASC office giving up his tenancy on the land beginning in 1957. However, there is no evidence in the record of any such written release. If a release, either oral or written, had actually been entered into, it is not clear why the ASC office records would not have shown that Dwight Clark was no longer the tenant of the land.

The Appeals Council found that Dwight Clark continued to be a tenant

both of the 60 acre tract and the 160 acre tract. The Council found that the fact that Dwight Clark turned over his share of the soil bank payments to his mother did not, in and of itself, identify Mrs. Clark as the operator of the 160 acre tract. The Council found that the fact that Dwight was to receive the full crop from the 60 acre tract in return for his share of the soil bank payments was consistent with the conclusion that he retained his interest as a tenant in the 160 acre tract and that plaintiff continued to be a landlord with respect to her total farm acreage. Plaintiff admitted that prior to 1957 she took no significant part in the production or management of the production of the crops grown on her land. There is no clear evidence in the record that would support a finding that plaintiff made any significant change in her relationship to the land after it was placed in the soil bank. Her only activity with respect to the soil bank land was an occasional inspection of the stand of grass and a check of the weeds. As far as the 60 acre tract is concerned, Dwight Clark himself testified that he operated it just as he wanted to and that he raised the crops that he desired. On the basis of the foregoing recited facts, the Appeals Council found that plaintiff was not the operator of her farm land in 1957 and 1958.

The record discloses no evidence or testimony that there was an agreement between plaintiff and her son that plaintiff was to materially participate in the production or the management of production of crops on her land. Sec. 211(a) (1) of the Social Security Act, 42 U.S.C.A. § 411(a) (1), requires an arrangement between the owner and the operator of the land that the owner shall materially participate in the production or the management of production of agricultural commodities on the land. Thus plaintiff's income from her land in 1957 and 1958 is not includable as earnings from self-employment. Moreover, even if there had been such an arrangement, plaintiff would still not prevail since the

Council found that her activities with respect to the land did not constitute material participation.

It would serve no useful purpose to recite the rest of the testimony in the record. While the Court might have drawn inferences from it that would differ from those of the Appeals Council, the law is clear that this court is bound by the inferences drawn by the administrative agency if they are supported by substantial evidence. Gainey v. Flemming, 10 Cir., 1960, 279 F.2d 56.

After having examined the record very carefully, the Court is of the opinion that there is substantial evidence on the record as a whole to support the decision of the Appeals Council. The defendant's motion for summary judgment is granted.