484 P.2d 805 (1971)
Lillian DETER, Plaintiff in Error,
v.
Cloid DETER, Defendant in Error.
No. 71-059. (Supreme Court No. 24215.)
Colorado Court of Appeals, Div. I.
April 20, 1971.
*806 Sidney H. Tellis, Denver, for plaintiff in error.
John Iacoponelli, Denver, for defendant in error.
Not Selected for Official Publication.
PIERCE, Judge.
This case was transferred from the Supreme Court pursuant to statute.
This is an appeal from an action by Lillian Deter, plaintiff below, against Cloid Deter for separate maintenance. At the conclusion of plaintiff's case, upon trial to jury, the court dismissed the complaint on the ground that plaintiff had failed to establish a prima facie case that there was a common-law marriage between the parties. Plaintiff assigns this ruling as error. We agree.
The record indicates that plaintiff first met Mr. Deter in 1939, when he responded to her newspaper ad in which she sought employment as a housekeeper. Although plaintiff left Mr. Deter's household twice, evidence indicated that she lived with Mr. Deter in his home continuously from August of 1940 until the summer of 1968.
In September of 1927, plaintiff married James W. Baxter with whom she lived for less than one year and from whom she separated in 1927 or 1928. She never saw Baxter again; she never obtained a divorce from him; but she was told that he had divorced her and sometime thereafter he had died. In 1940, Mr. Deter married Jewell McPhery with whom he lived for a short time and from whom he was divorced on February 27, 1941.
Plaintiff presented substantial evidence of the parties' reputation in the community as husband and wife. Testimony of both plaintiff and a neighbor indicated that she was commonly referred to in the neighborhood as "Mrs. Deter" or as "Mrs. D." It appears that Mr. Deter never objected to plaintiff being referred to as his wife. Other evidence included a savings account book from a Denver bank in the joint names of "Cloid Deter and Lillian Deter." The bank book shows deposits and withdrawals from July of 1953 until June of 1963. A certified copy of defendant's voter registration in Jefferson County, bearing the date of August 19, 1954, was admitted into evidence. Defendant was then questioned about the fact that the "married" box was x'd in. Mr. Deter's explanation was that he was not married, "but that some of the neighbors thought I was * * *," and one of them had registered for him.
A dispute involving one of Mr. Deter's daughters by a previous marriage and the disposition of certain of defendant's property led to the separation of the parties in 1968.
We are of the opinion that the convincing and positive evidence showing cohabitation and repute, offered by plaintiff in this case, established a prima facie case that a common-law marriage existed. It is clear that cohabitation and repute are evidentiary of a marriage contract, even though such showing would not be essential to a common-law marriage. In re Peters Estate, 73 Colo. 271, 215 P. 128. In Moffat Coal Co. v. Industrial Commission, 108 Colo. 388, 118 P.2d 769, the Colorado Supreme Court stated:
"* * * that while habit and repute of marriage are not essential to the legality of the relationship, evidence thereof is always competent and in itself properly may be the basis for inferring consent to a contract of marriage." [Emphasis theirs.]
See White v. White, 82 Cal. 427, 23 P. 276; H. Clark, Domestic Relations, § 2.4.
We do not agree with defendant's argument that the prior marriage of plaintiff to Baxter negates, as a matter of law, the possibility of a common-law marriage here. It is settled law in Colorado that an existing marriage contract is presumed to *807 be valid and that a prior marriage has been dissolved by divorce. The burden of proving the contrary rests upon defendant. Boze v. Boze, 96 Colo. 309, 42 P.2d 470. See Shreyer v. Shreyer, 113 Colo. 219, 155 P. 2d 990.
Where facts are in dispute and reasonable men might draw different conclusions from the evidence, a case must be submitted to the jury. City of Grand Junction v. Lashmett, 126 Colo. 256, 247 P.2d 909. In this case the evidence presented controverted questions of fact which would control the determination of the legal issues involved. Therefore, it was error for the trial court to dismiss the action. Eberle v. Hungerford, 130 Colo. 167, 274 P.2d 93.
Judgment is reversed and remanded for a new trial.
COYTE and DWYER, JJ., concur.