UNITED STATES, Appellee,

v.

Private (E–1) Michael A. JOPHLIN, SSN 399–60–9336, United States Army, Appellant.

SPCM 11845.

U. S. Army Court of Military Review.

8 July 1977.

Richard M. Borchers, Esquire, argued the cause for the appellant. With him on the brief were Colonel Alton H. Harvey, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Captain Robert D. Jones, JAGC.

Captain Richard A. Kirby, JAGC, argued the cause for the appellee. With him on the brief were Lieutenant Colonel John T. Sherwood, Jr., JAGC, and Captain Gregory M. Van Doren, JAGC.

Before JONES, FULTON and FELDER, Appellate Military Judges.

### OPINION OF THE COURT AND ACTION ON PETITION FOR NEW TRIAL

JONES, Senior Judge:

Appellant was convicted in a special court-martial by a military judge alone of presenting a false claim and larceny in violation of Articles 132 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 932 and 921. He was acquitted of a charge of false swearing in violation of Article 134, UCMJ, 10 U.S.C. § 934. The appellant has assigned several errors which we shall discuss in our review of this case pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

I

The appellant first argues that the evidence is insufficient in law and fact to support the charges. The appellant was convicted of submitting a false claim for increased quarters allowance on account of a dependent and of larceny of the funds obtained thereby. His defense was that he was married by common law and entitled to the allowance, thus the claim was proper and the money rightly due him.

The crucial issue of the existence of a valid common law marriage was hotly contested. The appellant maintained that he and Vicki Richards Jophlin entered into a common law marriage in Colorado on November 7, 1974. Supporting his contention was testimony that he and Vicki had mutually agreed to marry and had cohabited in Colorado, holding themselves out as husband and wife. Their families thought they were married, as did their landlords and most of their friends. They had joint checking and savings accounts and filed a joint federal tax return. Vicki worked under the name Jophlin and applied for a driver's license at the time of renewal in the name of Jophlin.

Countering the contention of a valid common law marriage were numerous indications to the contrary: appellant did not seek to establish his entitlement to the quarters allowance on the basis of a common law marriage using the forms and procedures provided therefor, but instead used a false marriage certificate to establish a purported ceremonial marriage; appellant changed none of his Army records to show that he was married and to establish his wife's eligibility for survivor benefits; Vicki used her maiden name, Richards, in applying for unemployment compensation even though there was an entry for using a changed name, such as after marriage; Vicki used the name Richards in applying for utility services for their apartment, and used it on the mailbox, along with the name Jophlin; her sister mailed her money under the name Richards; appellant told one of his fellow soldiers they were not married; and appellant stated at various times that they were married in Wisconsin, in Michigan, and finally in Colorado. Faced with this conflicting evidence the court resolved the issue against the appellant, finding beyond a reasonable doubt that a common law marriage did not exist.

To affirm the conviction in this case, we must be convinced beyond a reasonable doubt that the appellant was not in

fact married at common law and that he knew he was not married. A common law marriage in Colorado requires a mutual agreement to marry, the capacity to marry, and cohabitation as husband and wife. *Deter v. Deter*, 484 P.2d 805 (Colo.App.1971); *Moffat Coal Co. v. Industrial Comm.*, 108 Colo. 388, 118 P.2d 769 (1941).

There is no question but that the appellant and Vicki Richards had the capacity to enter into a marriage but we find there was no agreement to marry and their cohabitation was not as husband and wife. At most they merely agreed to live together and to conceal from their parents the fact that they were not married. The use of the false marriage certificate, the continued and repeated use of her maiden name, and the failure to change appellant's military records to reflect his changed marital status or show her eligible for benefits such as death gratuity or insurance are too indicative of the absence of a marriage to conclude otherwise.

Those previously mentioned factors refuting a marriage also indicate appellant knew he was not married. Additionally, confiding to the landlord (a fellow soldier) that he was not married and either selling or giving a false marriage certificate to yet another serviceman remove any doubt as to appellant's knowledge.

## II

After his conviction, appellant filed an action in the District Court of Adams County, Colorado, obtaining a declaratory judgment that he and Vicki Richards entered into a common law marriage in Colorado on November 7, 1974, and have been married since that date. The appellant offered this initially as an exhibit to his appellate brief but upon rejection subsequently filed it as the underlying basis of a petition for a new trial. The appellant contends the judgment is newly discovered evidence, one of the grounds for granting a new trial under Article 73, UCMJ, 10 U.S.C. § 873.

To obtain a new trial the appellant must establish that the evidence was discovered since trial, that it could not have been discovered by due diligence prior to trial, and that the new evidence if presented to the court-martial would probably produce a more favorable result to the appellant. Paragraph 109d, Manual for Courts-Martial, United States, 1969 (Revised edition). In this case the judgment met the first criterion as it was issued after the trial, but it fails the other two. Although not in existence prior to trial, there is every reason to believe that had the action been filed earlier, the declaratory judgment would have been issued and available at trial. Also, we do not believe the new evidence would result in a more favorable verdict in a new trial. The question of common-law marriage was exhaustively litigated. The Colorado declaratory judgment would obviously support appellant's case but it would not be binding on the court-martial in its criminal proceeding. *See United States v. Johnson*, 3 U.S.C.M.A. 725, 14 C.M.R. 143 (1954); *United States v. Rohrbaugh*, 2 C.M.R. 756 (A.F.B.R.1952); *State v. Johnson*, 96 Idaho 727, 536 P.2d 295 (1975). Viewing the evidence adduced at the prior trial and the non-adversary nature of the subsequently obtained judgment, we are convinced there would be no difference in the trial result. Therefore, the requirements for a new trial on the basis of newly discovered evidence have not been met. *United States v. Woolbright*, 12 U.S.C.M.A. 450, 31 C.M.R. 36 (1961).

## III

The appellant alleges that the Government engaged in improper conduct which denied him due process of law. The conduct complained of was the staff judge advocate's desire for a "quick conviction" and the trial counsel's "threats" to the witnesses. The appellant also cited post-trial misconduct in the delay in preferring other charges but any action in that regard was resolved at the trial on those charges.

We find no improper conduct on the part of the staff judge advocate in this case as to disqualify him from further action on the case. Perhaps the use of the "quick

conviction" language was a poor choice of words but his actions demonstrate no bias or lack of impartiality. We find nothing more intended than a desire to bring the case to a speedy conclusion. This is not disqualifying. The staff judge advocate did not become so "deeply and personally involved as to move from the role of adviser to the role of participant." *United States v. Willis*, 22 U.S.C.M.A. 112, 46 C.M.R. 112 (1973).

■ As to the trial counsel's relationship with certain witnesses, we find no threats to the witnesses but only a proper concern for the truth. Obviously the sympathy of those witnesses was with appellant. Trial counsel wanted to insure that those witnesses recognized their obligation to speak truthfully and the consequences of perjury. The appellant has no right to have witnesses lie in his favor but he does have a right to have witnesses come forward in his behalf free from coercion. Although one of appellant's witnesses did not appear and testify, we find no evidence that trial counsel through duress or coercion kept him or any other witnesses from appearing. This case differs from *Webb v. Texas*, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972), in that the absent witness was not the sole defense witness, the admonition or warning was not given by the judge but by the prosecutor, and the language of the admonition or warning to witnesses did not in fact amount to threats or coercion.

### IV

The appellant initially pleaded guilty in this case pursuant to a pretrial agreement with the convening authority. The military judge accepted the plea as provident on one of the three original offenses but refused to accept the plea as to the other two. The Government declined to continue as a party to the pretrial agreement under those circumstances. The appellant, thereupon changed his plea to not guilty.

At the appropriate time in the trial procedure, the defense counsel questioned the military judge about his possible disqualification. The judge assured counsel that he could fairly and impartially sit on the case and would consider none of the evidence that came to light during the guilty plea inquiry. Defense counsel then declined to challenge the military judge for cause.

Before this Court the appellant asserts that it was error for the military judge not to recuse himself. In the alternative, he asserts the judge should at least have presented the issue to the appellant in the manner suggested by this Court in *United States v. Cockerell*, 49 C.M.R. 567 (A.C.M.R. 1974).

■ We disagree with the conclusion in *Cockerell* that recusal is always preferred whenever the trial judge determines a guilty plea to be improvident. Further, although the detailed inquiry suggested would be appropriate in some cases, it is not necessary or even desirable in all. *United States v. Kauffman*, 3 M.J. 794 (A.C.M.R. 20 June 1977). Rather, the inquiry must be into the actual disqualification of the judge. Assuring himself of the impartiality and fairness of the trial judge, the defense counsel chose not to assert a challenge for cause. We find no error. *United States v. Airhart*, 23 U.S.C.M.A. 124, 48 C.M.R. 685 (1974).

The petition for a new trial is denied. The findings of guilty and the sentence are affirmed.

Judge FULTON and Judge FELDER concur.